IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAY WILLIAMS,

        Plaintiff,                CIV S-07-0430 GEB KJM PS

    vs.

CALIFORNIA STATE PRISON
SOLANO, et al.,

        Defendants.           ORDER

                                  /

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Plaintiff alleges a claim against a variety of defendants he encountered while incarcerated, contending his civil rights were violated. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although it appears plaintiff has named as defendants every correctional officer and employee who had anything to do with his brief confinement in what plaintiff characterizes as a "cage," it appears a claim for constitutional violation has only been stated against defendant Sandy. The court therefore will decline to order service on the other defendants and the action will accordingly proceed only on plaintiff's claim against defendant Sandy under 42 U.S.C. § 1983 for violation of the Eighth Amendment.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall obtain one USM-285 form for defendant Sandy, one summons for defendant Sandy and an instruction sheet. Blank USM-285 forms, blank summons, and instruction sheets are available in the office of the Clerk of the Court.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a. One completed summons for defendant Sandy;

   b. One completed USM-285 form for defendant Sandy; and

   c. Two copies of the endorsed complaint filed March 5, 2007 and two copies of this order.

4. Plaintiff need not attempt service on defendant Sandy and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendant Sandy pursuant to Federal Rule of Civil Procedure 4 without prepayment of costs.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: July 2, 2007.

_____
U.S. MAGISTRATE JUDGE

006/williams.usm

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAY WILLIAMS,

        Plaintiff,                CIV S-07-430 GEB KJM PS

    vs.

CALIFORNIA STATE PRISON SOLANO, et al.,

        Defendants.        <u>NOTICE OF SUBMISSION</u>

                                            <u>OF DOCUMENTS</u>

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed USM-285 forms

        _____ copies of the Complaint

DATED:

                                            _____
                                            Plaintiff